UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY ROGERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18CV20 HEA |
| NICOLE TAYLOR, et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 272432), an inmate at Potosi Correctional Center ("PCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $20.02. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $100.09. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $20.02, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff, an inmate at Potosi Correctional Center ("PCC"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff has named Cindy Griffith, Warden of PCC, and Nicole Taylor, Correctional Officer, as defendants in this action. Plaintiff sues defendants in their individual and official capacities.

Plaintiff claims that defendant Taylor negligently released his personal property to a person unknown to him instead of his approved visitor, Valeria Purley. Plaintiff claims that the personal property contained in the box released consisted of two books and three manila envelopes with legal mail. Plaintiff does not indicate whether he was returned the property after the mistake was realized.

Plaintiff asserts that Warden Cindy Griffith should also be held legally responsible for the loss of property because she "learned of the matter in plaintiff's grievance and failed to fix the problem" and "failed to adequately train or supervise (Nicole Taylor) her subordinate."

Plaintiff asserts that in addition to his constitutional claims, he is also asserting state law claims for relief. He seeks monetary damages in this action against defendants Taylor and Griffith.

**Discussion**

There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property, or a violation of one's due process rights, where the state provides an adequate post-deprivation remedy. *E.g., Clark v. Kansas City Missouri School Dist.*, 375 F.3d

698, 703 (8th Cir. 2004). Missouri provides the post-deprivation remedy of replevin for recovery of personal property. *Id.*; Mo. R. Civ. P. 99.01 - 99.15. As a result, plaintiff's claim for violation of his due process rights, or his Fourteenth Amendment rights, shall be dismissed for failure to state a claim upon which relief can be granted.

Additionally, although plaintiff claims that he has been prejudiced by loss some of his legal files, he has not articulated a specific injury to a specific cause of action. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has failed to do so. As such, he has failed to articulate a violation of his First Amendment rights.

Furthermore, plaintiff's claim against Cindy Griffith sounds like a respondeat superior claim than a failure to train claim. And there is no respondeat superior liability under 42 U.S.C. § 1983. See *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord,* 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

Plaintiff's conclusory statement that defendant Griffith failed to train defendant Taylor in the proper matter of turning over property to an inmate's relations cannot, by itself, state a claim for an Eighth Amendment violation. A defendant may have notice that her training practices are inadequate by two means: (1) where the failure to train "is so likely to result in a violation of constitutional rights that the need for training is patently obvious," *Larkin v. St. Louis Hous. Auth. Dev. Corp.,* 355 F.3d 1114, 1117 (8th Cir.2004), and (2) where a pattern of misconduct

indicates that the defendant's responses to a regularly recurring situation are insufficient to protect constitutional rights. *City of Canton v. Harris,* 489 U.S. 378, 390 (1989). Plaintiff has not alleged either of these instances in her complaint. Therefore, he has not properly alleged an Eighth Amendment claim in this action.

As plaintiff's constitutional claims are subject to dismissal, the Court will decline to exercise jurisdiction over plaintiff's state law claims in this action. *See* 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $20.02 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's constitutional claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), based on plaintiff's failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that this Court declines to exercise jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of April, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE